UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-13485 |
| | : | CHAPTER 7 |
| CECIL KEITH KNEE AND ELLEN | : | |
| BASNAK KNEE, DEBTORS | : | |
| | : | |
| GARY V. SKIBA, TRUSTEE, Movant | : | DOCUMENT NO. 44 |
| VS. | : | |
| CECIL KEITH KNEE, ELLEN BASNAK | : | |
| KNEE AND UNITED STATES OF | : | |
| AMERICA, INTERNAL REVENUE | : | |
| SERVICE, Respondents | : | |

APPEARANCES:

GARY V. SKIBA, ESQ., ERIE, PA, TRUSTEE AND ATTORNEY PRO SE
KEVIN M. MONAHAN, ESQ., ERIE, PA, ATTORNEY FOR DEBTORS
JOSHUA D. SMELTZER, ESQ., WASHINGTON, DC, ATTORNEY FOR UNITED STATES
OF AMERICA, INTERNAL REVENUE SERVICE

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

SEPTEMBER     12    , 2006

OPINION

Cecil Keith Knee and Ellen Basnak Knee ("Debtors") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on September 30, 2005. Gary V. Skiba, Esq. serves as the Chapter 7 Trustee ("Trustee").

On or about June 1, 2005, prior to the bankruptcy filing, Debtors sold a tavern and restaurant business for the sum of $125,000. As part of the agreement of sale, the Debtors received a promissory note and mortgage in the amount of $34,000 from the buyer. Pursuant to the terms of the note, the buyer was to pay the amount of $400 per month until satisfied. On January 13, 2006, the Trustee filed a Complaint for Turnover at Adversary Proceeding No. 06-1012 demanding that the buyer pay the $400 per month to the Trustee and that the Debtors

assign the note and mortgage to the Trustee.

On February 10, 2006, the Debtors filed Amended Schedules. Schedule B was amended to list the note and mortgage as personal property. Schedule C was amended to claim an exemption for a portion of the mortgage in the amount of $8,900. Schedule E was amended to reflect priority tax obligations in the amount of $9,700 for taxes related to gain from the sale of the business.

On March 6, 2006, a Motion to Approve a Settlement Agreement to resolve the Adversary Proceeding was filed. The Debtors agreed to and have paid the Trustee the sum of $17,700 to resolve the Complaint. The Debtors assert and the Trustee agrees that the agreement was based on the understanding that part of the $17,700 settlement amount would be used to pay the $9,700 in tax obligations which the Debtors listed as priority claims on their amended schedules.

Presently before the Court is the Trustee's Motion to Determine Priority Status of Tax Obligation. The Trustee asserts that the only tax obligation owed by the bankruptcy estate is an amount of $411.90 to the Internal Revenue Service ("IRS") based on claim number 15 which it filed, with the priority claim amount being limited to $395.35. The IRS agrees with the Trustee. The Debtors assert that the income tax liabilities for the tax year 2005 attributable to their prepetition income from the operation and sale of the business are entitled to priority status under 11 U.S.C. §507(a)(8)(A)(iii).

Section 1398 of the Internal Revenue Code allows an individual debtor in a Chapter 7 case to make an election as to whether the debtor should divide the tax year in which the bankruptcy is commenced into two taxable periods, one ending on the day before the petition date and one commencing on the petition date. 26 U.S.C. §1398(d)(A)(2)(i) and (ii).

> In reviewing Internal Revenue Code § 1398, the Court finds that there is no question that Congress recognized a need to accommodate both tax policy and bankruptcy's fresh start policy. See, S. Rep. 96-1035 (1980), reprinted in 1980 U.S.C.C.A.N. 7017, 1980 WL 7017, 7025. In order to accommodate both of these policies, Internal Revenue Code § 1398 gives each debtor an election to close his or her tax year as of the day before the date on which the bankruptcy case commences. If the debtor makes the election, the debtor's taxable year which would otherwise include the commencement date is divided into two short taxable years of less than twelve months. The first such year ends on the day before the commencement date; the second such year begins on the commencement date. If the election is made, the debtor's federal income tax liability for the first short taxable year becomes an allowable claim against the bankruptcy estate as a claim arising before the bankruptcy filing. Accordingly, the tax liability for that first short taxable year becomes collectible from the estate, depending on the availability of estate assets. Id.
>
> If the debtor does not make the election, the commencement of the bankruptcy case does not affect the individual debtor's taxable year. See, 26 U.S.C. § 1398(d)(2). See, also, S. Rep. 96-1035 at 7041. If the election is not made, no part of the debtor's tax liability from the year in which the bankruptcy case commences is collectible from the bankruptcy estate. If no election is made, the debtor's tax liability from the year in which the bankruptcy case commences is collectible directly from the debtor. See, 26 U.S.C. § 1398(d)(2). See, also, In re Haedo, 211 B.R. at 152.

In re Fleming, 277 BR 751, 754-55 (Bankr. SD OH 2002).

The present Debtors made no such election and therefore no part of their tax liability from year 2005 is collectible from the bankruptcy estate. Sapp v. Commissioner, T.C. Memo. 2006-104, 2006 WL 1319464 (U.S. Tax Ct. 2006); In re Prativadi, 281 BR 816 (Bankr. WD NY 2002); In re Fleming, 277 BR 751 (Bankr. SD OH 2002); In re Haedo, 211 BR 149 (Bankr. SD NY 1997); In re Smith, 210 BR 689 (Bankr. D MD 1997); In re Moore, 132 BR 533 (Bankr. WD PA 1991).

Unfortunately, both the Trustee and the Debtors were unaware of the requirement to make the §1398 election in order for the estate to have liability for taxes incurred by the debtor for income earned during the year, but prior to the date that the Petition is filed. Thus, the settlement of the Adversary Proceeding was based on a mutual mistake with both the Debtors

and the Trustee of the belief that the Debtors' tax obligations for income earned from the sale of the tavern and restaurant in 2005 prior to the filing would be paid out of the estate from the proceeds of the settlement amount.

Accordingly, an Order will be entered on the Trustee's Motion to Determine Priority Status of Tax Obligation that the Internal Revenue Service has a priority claim in the amount of $395.35.

A further Order will be entered reopening Adversary No. 06-1012 and fixing a hearing to determine whether the order approving the settlement agreement should be vacated on the basis of mutual mistake.

```
         /s/
Warren W. Bentz
United States Bankruptcy Judge
```

c:Gary V. Skiba, Esq.
Kevin M. Monahan, Esq.
Joshua D. Smeltzer, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-13485 |
| | : | CHAPTER 7 |
| CECIL KEITH KNEE AND ELLEN | : | |
| BASNAK KNEE, DEBTORS | : | |
| | : | |
| GARY V. SKIBA, TRUSTEE, Movant | : | DOCUMENT NO. 44 |
| VS. | : | |
| CECIL KEITH KNEE, ELLEN BASNAK | : | |
| KNEE AND UNITED STATES OF | : | |
| AMERICA, INTERNAL REVENUE | : | |
| SERVICE, Respondents | : | |

### ORDER

This   12   day of September, 2006, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the Internal Revenue Service shall be paid in accordance with its proof of claim which states a priority amount of $395.35 and a general unsecured amount of $16.55.

/s/
Warren W. Bentz
United States Bankruptcy Judge

c:Gary V. Skiba, Esq.
Kevin M. Monahan, Esq.
Joshua D. Smeltzer, Esq.